IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICIA LEWIS, | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-2579-D |
| | ) | |
| CITY OF WAXAHACHIE, ET AL., | ) | |
|        Defendants. | ) | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I.  PARTIES

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. She is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*. Defendants are the City of Waxahachie, Ellis County, County Clerk Cindy Polley, Judge Gene Calvert, Judge Don Metcalf, District Attorney Joe Grubbs and Sheriff Johnny Brown. The Court has not issued process pending judicial screening.

### II.  FACTUAL BACKGROUND

Plaintiff's claims arise from charges against her for contempt of court, retaliation, aggravated assault, disorderly conduct, resisting arrest and interfering with public duties. She states her contempt charge was affirmed on appeal, but all other charges were dismissed after her appeal. She states that while she was incarcerated on the contempt conviction, Sheriff Brown maliciously prosecuted her for false charges of destruction of property, refused to allow her to

sign pleadings *pro se*, placed her on lockdown for no reason and forced her to stay in a flooded cell. She seeks money damages.

### III. SCREENING

A district court may summarily dismiss a complaint filed in forma pauperis if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### IV. DISCUSSION

**1. Judges Calvert and Metcalf**

Plaintiff states Judge Calvert improperly jailed her for contempt, remained assigned to her case even though it was a conflict of interest, failed to follow proper court procedure and improperly sent her before grand juries. She states Judge Metcalf denied her due process and free speech rights by not hearing certain motions. Judges, however, have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Plaintiff's claims arise out of these Defendants' rulings in adjudicating Plaintiff's criminal charges and petition for writ of habeas corpus. The Court therefore concludes that Judges Calvert and Metcalf are entitled to judicial

immunity and that Plaintiff's claims against these Defendants should be dismissed as frivolous.

**2.     District Attorney Joe Grubbs**

Plaintiff argues District Attorney Grubbs sent her before grand juries without an attorney, prosecuted criminal charges against her with no evidence and acted under a conflict of interest. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his or her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the state's case. *See Kalina v. Fletcher*, 522 U.S. 118, 123-128 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (1997). Plaintiff's claims are based on actions taken by Grubbs's in his role as District Attorney in prosecuting Plaintiff. Grubbs is entitled to immunity on these claims.

Plaintiff also alleges Defendant Grubbs made defamatory remarks about her to the media. Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds that Plaintiff's defamation claims against Defendant Grubbs should proceed and process should be issued as to Defendant Grubbs on this claim.

**3.     Court Clerk Cindy Polley**

Plaintiff claims that Court Clerk Cindy Polley denied her the ability to file motions and gave her appeal to Judge Calvert instead of sending it the Tenth Court of Appeals. Court clerks, however, are immune from actions "for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Kastner v. Lawrence*, 390 Fed. Appx. 311, 315 (5th Cir. 2010) (quoting *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)). Plaintiff's claims against this Defendant should be dismissed.

### 4. City of Waxahachie and Ellis County

Plaintiff argues the City of Waxahachie and Ellis County failed to investigate the contempt charges against her, allowed her to go before grand juries without an attorney, and allowed her to be incarcerated for 180 days on the contempt conviction.

To the extent Plaintiff's claims involve her contempt charge, these claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claim for damages is clearly connected to the legality of her conviction for contempt. A finding in favor of Plaintiff would imply the invalidity of this conviction. Plaintiff's conviction, however, has not been reversed, expunged, or otherwise invalidated. (*See* Magistrate Judge's Questionnaire, Answer No. 2). Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

Additionally, to state a claim under § 1983, Plaintiff must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg*

*Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Supreme Court has determined, however, that "[a] grand jury witness has no constitutional right to have counsel present during the grand jury proceeding . . . ." *Conn v. Gabbert*, 526 U.S. 286, 292 (1999) (citing *United States v. Mandujano*, 425 U.S. 564 (1976)); see also *Fuller v. Johnson*, 158 F.3d 903, 907-08 (5th Cir. 1998) (same). Plaintiff's claims against these Defendants should therefore be dismissed.

**5.     Sheriff Johnny Brown**

Plaintiff claims Sheriff Brown did not allow her to sign pleadings in her contempt case. As a result, she states she was not able to adequately challenge the contempt charges. As discussed above, Plaintiff's contempt conviction has not been reversed or otherwise invalidated. *Heck* bars Plaintiff's claim for damages based on an alleged inability to challenge this conviction.

Plaintiff alleges Sheriff Brown maliciously prosecuted her for a false disciplinary charge of destruction of property. "There is no federal constitutional claim based on the tort of malicious prosecution." *Williams v. Dretke*, 306 Fed. Appx. 164, 166 (5th Cir. 2009) (citing *Castellano v. Fragozo*, 352 F.3d 939, 953-54 (5th Cir. 2003) (en banc). Additionally, Plaintiff states these charges were dismissed. (Magistrate Judge's Supplemental Questionnaire, Answer 2.) Plaintiff has shown no violation of a liberty interest or a due process violation.

Plaintiff states Sheriff Brown placed the jail on lock down because of fighting by an inmate. To succeed on a conditions-of-confinement claim, a plaintiff must show that: (1) the confinement, objectively speaking, resulted in a deprivation that was sufficiently serious; and (2) that prison officials acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "sufficiently serious deprivation" is the denial of "the minimal civilized measure of

life's necessities." *Id*. at 834. Plaintiff, however, has not shown that her placement in lock down was a sufficiently serious deprivation. She has not shown this lock down presented an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff claims Sheriff Brown confined her to a flooded cell which made her clothing and mattress wet. She states Sheriff Brown forced her to sleep on the wet mattress until it smelled of mold. She claims she was not given dry clothing for an unspecified period of time and that prison officials told her they did not care if she drowned in her cell. She alleges she became sick because of these conditions. Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds that Plaintiff's claims regarding her flooded cell should proceed and process should be issued as to Defendant Sheriff Brown on this claim.

**RECOMMENDATION**

The Court recommends that Plaintiff's defamation claims against Defendant Grubbs and her flooded cell claims against Defendant Brown should proceed and process should be issued as to these Defendants. The Court further recommends that all other claims be dismissed.

Signed this 11th day of May, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).