## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|                              |   |                          |
|------------------------------|---|--------------------------|
| ALICIA LEWIS,                | § |                          |
|                              | § |                          |
|    Plaintiff, | § |                          |
|                              | § |                          |
| v.                           | § | No.  3:10-CV-02579-D (BF)|
|                              | § |                          |
| CITY OF WAXAHACHIE, et al.,  | § |                          |
|                              | § |                          |
|    Defendants.| § |                          |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Orders of Reference, Defendants', Joe Grubbs ("Grubbs")

and Johnny Brown ("Brown") (collectively referred to as "Defendants"), Rule 12(b)(6) Motion to

Dismiss and Brief in Support Thereof (doc. 94, "Motion to Dismiss"), filed on February 24, 2012,

was referred to the United States Magistrate Judge. Grubbs and Brown request this Court to dismiss

all the claims in Plaintiff's Third Amended Complaint for failure to state a claim upon which relief

may be granted. Plaintiff filed a timely response on March 5, 2012. Grubbs and Brown filed a timely

reply on March 8, 2012. Based on the following reasons, the Court recommends that the District

Court GRANT the Motion to Dismiss and dismiss Plaintiff's claims against Grubbs and Brown with

prejudice.

### Procedural Background

On December 17, 2010, Plaintiff filed a complaint against the City of Waxahachie, Ellis

County, Cindy Polley, Judge Gene Calvert, Judge Don Metcalf, Joe F. Grubbs, and Sheriff Johnny

Brown alleging various violations of her civil rights and false imprisonment. (Doc. 1, "Original

Complaint".) On June 28, 2011, a judgment was entered by the District Court, dismissing with

prejudice, Plaintiff's claims against all defendants except Grubbs and Brown. (Doc. 14.) On July 27,

2011, Brown filed a Motion for More Definite Statement (doc. 23), which this Court granted. On August 5, 2011, Grubbs filed a Motion for More Definite Statement (doc. 26), which this Court granted. On September 2, 2011, Plaintiff filed a motion to amend her complaint, and was granted leave to amend. (Doc. 34.)

Subsequently, Plaintiff filed two motions for leave to file a second amended complaint. (Docs. 56, 69.) Plaintiff was granted leave to file a second amended complaint on December 19, 2011. (Doc. 81.) Grubbs and Brown then filed a Motion to Strike on November 23, 2011. (Doc. 70.) This Court granted the Motion to Strike, in part, on February 3, 2012, and struck Plaintiff's Original Complaint and her Second Amended Complaint for failure to obey this Court's orders for a more definite statement. (Doc. 89.) In addition, the Court ordered Plaintiff to file a third amended complaint setting forth the facts which support her defamation claim against Grubbs, including what Grubbs allegedly said, who he said it to, when he said it, and how she was damaged. Similarly, Plaintiff was ordered to set forth what Brown did, when he did it, and how she was damaged. Plaintiff filed two identical Third Amended Complaints on February 20, 2012 (docs. 90, 91). Thus, this is now the live complaint.

## Plaintiff's Allegations

Plaintiff's claims arise from charges against her for contempt of court, retaliation, aggravated assault, disorderly conduct, resisting arrest and interfering with public duties. All charges were later dismissed, except for the contempt of court charge, which was affirmed on appeal. In the District Court's Order, dated June 28, 2011, all of Plaintiff's claims were dismissed except her defamation claim against Grubbs and her flooded cell claim against Brown. (*See* Doc. 13.)

**Joe F. Grubbs**

In Plaintiff's Third Amended Complaint, Plaintiff alleges that on December 17, 2011, Grubbs lied to CBS 11 News about his knowledge of the contempt case. (Pl.'s Third Am. Compl. at 2.) She further claims that on February 17, 2011, Grubbs sent her before a grand jury on a misdemeanor, and did not give her counsel on her felony charges. (*Id.*) She then states that "[a]ttorney Grubbs insisted on waited [sic] 3 months after the malicious sentence to recuse his whole office from my case. While in the meantime steady saying and filing documentation within the court room that was defamatory to my name and character dated, December 17, 2009 through June 15, 2010." (*Id.*) Plaintiff alleges that Grubbs lied again to reporters at CBS on March 12, 2010. (*Id.* at 3.) Additionally, on March 19, 2010, Plaintiff claims Grubs lied to the Waxahachie Daily Light Newspaper by telling reporters that he had no knowledge of her case. (*Id.*)

Regarding damages, Plaintiff alleges "[b]eing a National Honor Student and trying to further my career by attending Texas Tech University. Plaintiff was damaged and humiliated through the News Paper by the lies that Grubs was submitting to the court from December 17, 2009 through March 17, 2011." (*Id.*) She also states that she "is unable to show her face in Ellis County due to the ridicule and hatred that plaintiff has been showed [sic] since Grubbs conspired to Defame plaintiff's character." (*Id.*) She further claims that she "is now seeing a medical specialist to try to cope with the attitudes, stares, nasty comments, nightmares, night sweats, and still try to maintain in school and try to believe in our judicial system." (*Id.*)

**Sheriff Johnny Brown**

In Plaintiff's Third Amended Complaint, Plaintiff alleges that from May 13 to May 19, 2010, Brown was well aware of the flooded cell conditions. (*Id.*) She further claims that "[d]uring the duration of the flooded cell plaintiff requested to see the doctor for being sick due to being told that

plaintiff has to sleep in her wet clothes and on the soiled mildewed mattress until laundry day." (*Id.*) Plaintiff also states that she requested to see rank, but they never showed; she requested to see the nurse, but it took several days for her to be seen; a guard on duty ignored her cry for help in regard to her health; several family members spoke to Brown, or left him messages, regarding the flooded cell and Brown said he would look into the matter and handle it; and on January 14, 2010, Brown requested a motion to be filed on Plaintiff's case. (*Id.* at 4.)

Regarding damages, Plaintiff alleges "[t]he Fifth Circuit considered that various supervisors were liable for lower ranking officers acts that caused the plaintiff severe injury. This lack of being treated like a human being has caused me to have panic attacks, night sweats, weak bladder and nightmares." (*Id.*)

## **Standard of Review**

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id.* at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action

is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* Moreover, if "the plaintiff has failed to plead with particularity after repeated opportunities to do so," a court may dismiss a claim that fails to meet the pleading requirements without granting the plaintiff leave to amend his complaint again. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000).

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

The Court must construe a *pro se* plaintiff's allegations liberally and hold her to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Under this standard, the complaint should not be dismissed unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). With this more lenient standard in mind, the Court turns to consideration of Plaintiff's Third Amended Complaint.

## Analysis

**Defamation Claim Against Grubbs**

In order to state a cause of action for defamation under Texas law, a plaintiff must show: (1) that the defendant published a statement; (2) that was defamatory to the plaintiff; (3) while acting with either actual malice, if the plaintiff is a public official/figure, or negligence, if the plaintiff is

a private individual, regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex. 1998). Fault is a constitutional requirement for a finding of defamation liability, and a private plaintiff must prove that the defendant was at least negligent. *Id.* To show negligence, a plaintiff must demonstrate that the defendant knew or should have known that the defamatory statement was false. *Id.* (citing *Foster v. Laredo Newspapers, Inc.*, 541 S.W.2d 809, 819 (Tex.1976)).

Here, the only defamatory statement that Plaintiff alleges is that Grubbs lied to CBS reporters and the Waxahachie Daily Light Newspaper by stating that he had no knowledge of Plaintiff's contempt case. Yet, Plaintiff fails to state any facts which demonstrate how this statement was defamatory to Plaintiff. Further, Plaintiff is a private individual and thus she must show that defendant was at least negligent in making the statement. Plaintiff fails to state any facts which show that Grubbs knew or should have known that the statement about his knowledge of the case was false.

The Court notes that Plaintiff also claims that Grubbs sent her before a grand jury on a misdemeanor, and without counsel on her felony charges. However, Plaintiff fails to show that Grubbs published a statement by these actions. Plaintiff also states that Grubbs waited three months after she was sentenced to recuse his office from her case. Again, Plaintiff falls short in that she does not demonstrate that Grubbs published a statement by this action. Furthermore, Plaintiff alleges that Grubbs filed documentation within the court room that was defamatory to Plaintiff's name and character. Nonetheless, Plaintiff does not allege what statements were contained in that documentation which would constitute defamatory remarks concerning Plaintiff. Finally, Plaintiff claims that she "was damaged and humiliated through the News Paper by the lies that Grubbs was

6

submitting to the court from December 17, 2011 through March 17, 2011." Yet, Plaintiff fails to state what alleged lies Grubbs submitted to the court, how these lies were defamatory to Plaintiff, and how the lies were published in a newspaper. Plaintiff has failed to state a cause of action for defamation against Grubbs.

**Flooded Cell Claim Against Brown**

Plaintiff brings her flooded cell claim as a civil rights violation under 42 U.S.C. § 1983. 42 U.S.C. § 1983 does not, in and of itself, create a federal cause of action, but instead, provides a remedy for other federal statutory or constitutional violations. *Carbonell v. Louisiana Dep't of Health & Human Resources,* 772 F.2d 185, 188 (5th Cir. 1985). In order to bring a claim under § 1983, a plaintiff must allege a federal statutory or constitutional violation that was committed by a person who was acting "under color of state law". *West v. Atkins,* 487 U.S. 42, 48 (1988).

Although  Plaintiff fails to state what statutory or constitutional violation Brown allegedly committed, this Court assumes that she is claiming a violation of her Eighth Amendment rights. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). However, the Constitution "does not mandate comfortable prisons." *Id.* (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). To succeed on a conditions-of-confinement claim, a plaintiff must show that: (1) the confinement resulted in a deprivation that was sufficiently serious; and (2) that prison officials acted with deliberate indifference. *Id.* at 834. A "sufficiently serious deprivation" is the denial of "the minimal civilized measure of life's necessities." *Id.* at 834. The test for deliberate indifference is whether the official knew that the inmate faced a substantial risk of serious harm and ignored that risk by not taking reasonable measures to abate it. *Id.* at 847.

In Defendants' Motion to Dismiss, Grubbs and Brown argue that Plaintiff made no allegations which would demonstrate that Brown acted with deliberate indifference. This Court agrees. Plaintiff claims that Brown knew about her flooded cell conditions, and at one point he told a member of her family that he would look into the matter and handle it. Regarding the actual conditions of her flooded cell, the only facts that Plaintiff provides are that she had to sleep in wet clothes and on a soiled, mildewed mattress. Plaintiff claims that because of her flooded cell she became so sick and began experiencing panic attacks, night sweats, a weak bladder, and nightmares. However, Plaintiff does not describe any of the symptoms which caused her to be "so sick".

Furthermore, Plaintiff does not allege what actions Brown took or failed to take to abate the flooded cell conditions. Instead, she states that she requested to see the doctor, nurse, and rank, but was only able to see the nurse after several days. Nonetheless, Plaintiffs fails to state who she made these requests to. Additionally, she makes no allegations that Brown overheard these requests or was present when the requests were made. It appears as if Plaintiff is attempting to impose vicarious liability against Brown, as she also makes a statement that a guard on duty passing out toilet paper ignored her cry for help. However, vicarious liability cannot be imposed against supervisory officials for the actions of their subordinates in an action brought pursuant to § 1983. *See Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). Plaintiff has not alleged sufficient facts to demonstrate that she faced a substantial risk of serious harm and that Brown, personally, did not take reasonable measures to abate it.[1]

---

[1] The Court notes that Plaintiff also states that Brown requested a motion to be filed on her case, and thus, he was well aware that she was incarcerated and of the conditions of the jail. Plaintiff fails to explain what the motion was for or what statements or relief was requested in the motion. Therefore, the Court is unable to discern how this motion affects her flooded cell claim or how it demonstrates that Brown acted with deliberate indifference.

Because Plaintiff has failed to establish facts which would demonstrate a violation of her constitutional rights under the Eighth Amendment, she cannot prove a civil rights violation under 42 U.S.C. § 1983. *See West,* 487 U.S. at 48. Accordingly, this claim should be dismissed.

In sum, after repeated opportunities to do so, Plaintiff has still failed to allege facts which support her causes of action against Grubbs and Brown. Even construing Plaintiff's Third Amended Complaint liberally, this Court finds, beyond a doubt, that Plaintiff cannot prove any set of facts in support of her claims which would entitle her to relief. Because this Court has already given Plaintiff numerous chances to amend her complaint and allege facts to prove her claims, the Court will not grant her leave to amend her complaint again, and instead recommends dismissal. *See Hart*, 199 F.3d at 248 n. 6.

## <u>Recommendation</u>

For the foregoing reasons, the Court recommends that the District Court **GRANT** Defendants' Motion to Dismiss (doc. 94) and dismiss Plaintiff's claims with prejudice because Plaintiff failed to state valid causes of action against either Grubbs or Brown.

Additionally, Plaintiff's Motion to Compel Discovery (doc. 105), filed on May 1, 2012, was referred to this Court. The Court recommends that upon acceptance of these Findings, Conclusions, and Recommendation, the District Court **DENY AS MOOT** Plaintiff's Motion to Compel Discovery.

SO RECOMMENDED, May 21, 2012.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.   *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.   *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).