IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALICIA LEWIS,                              §
                                           §
                          Plaintiff,       §
                                           §  Civil Action No. 3:10-CV-2579-D
VS.                                        §
                                           §
DISTRICT ATTORNEY JOE F.                   §
GRUBBS, et al.,                            §
                                           §
                         Defendants.       §

MEMORANDUM OPINION
AND ORDER

Plaintiff Alicia Lewis' ("Lewis'") *pro se* June 4, 2012 motion to recuse and request for hearing are denied.

I

Lewis filed this lawsuit on December 17, 2010.  The undersigned has presided over the case since that time.  Among the undersigned's decisions in the case has been the entry of a June 28, 2011 final judgment in favor of some defendants and against Lewis.  Lewis appealed that judgment, and the Fifth Circuit dismissed the appeal as frivolous and issued a sanction warning to her.  *See Lewis v. City of Waxahachie*, No. 11-10707, at *5 (5th Cir. Mar. 30, 2012) (per curiam).  Lewis did not move to recuse the undersigned until June 4, 2012, almost 18 months after filing this lawsuit.[1]

_____

[1]Lewis docketed her motion on CM/ECF as a "Second MOTION for Recusal Chief Judge Fitzwater filed by Alicia Lewis."  Although Lewis has filed two motions to recuse the magistrate judge, there is no prior motion to recuse the undersigned.

She maintains in her affidavit that the facts stated in her motion are true and correct to the best of her knowledge. But in her motion, the only specific averment in support of recusing the undersigned is this: "[t]he above mentioned Judge has in the past deliberately violated other litigant's personal liberties and/or has wantonly refused to provide due process and equal protection to all litigants before the court or has behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings." Mot. 1.[2]

## II

A motion made under 28 U.S.C. § 144 must be timely.[3] "A timely motion to recuse is one filed 'at the earliest moment after knowledge of the facts demonstrating the basis' for recusal." *In re Katrina Canal Breaches Litig.*, 351 Fed. Appx. 938, 944 (5th Cir. 2009) (per curiam) (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994)). A party must exercise reasonable diligence in filing an affidavit after discovering the facts showing bias, and the affiant bears the burden of showing good cause for any delay. *See Tex. Tech Univ. v. Spiegelberg*, 2006 WL 3591606, at *1 (N.D. Tex. Dec. 11, 2006) (Fitzwater, J.). "Although there is no per se untimeliness, the 'most egregious delay' occurs

---

[2]Although this assertion is contained in the motion to recuse the undersigned, the "above mentioned Judge" named in the motion actually includes the magistrate judge as well.

[3]Lewis actually cites 28 U.S.C. § 455. *See* Mot. 1. Although § 455 controls recusal, it is not the proper statute under which to bring a motion to recuse. The correct statute is 28 U.S.C. § 144, and the court will treat Lewis' motion as filed under that statute. *See, e.g., Serino v. Florisi*, 2010 WL 2927304, at *1 (D. Nev. July 20, 2010) (discussing procedural distinctions between §§ 144 and 455 ) ("Section 455 contains no procedural requirement and is directed at the judge, not the parties.").

when a party knows the facts and circumstances that would lead to disqualification of the judge but does not raise the issue of recusal until after the judge makes an adverse decision." *Hill v. Breazeale*, 197 Fed. Appx. 331, 335 (5th Cir. 2006) (per curiam) (citing *United States v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998)).

Not only must a § 144 motion be timely, but the affidavit must allege facts that, assumed to be true, show that "the alleged bias [is] personal, as distinguished from judicial, in nature.  A motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case."  *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007) (internal quotation marks, alteration, and footnotes omitted).  "Under § 144 the judge whose impartiality is being questioned must determine the legal sufficiency and timeliness of the affidavit but cannot rule on the substance of the matter alleged." *Hill*, 197 Fed. Appx. at 335 (citing *United States v. Miranne*, 688 F.2d 980, 984-85 (5th Cir. 1982)).  "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003).

III

The court first holds that Lewis' motion to recuse is untimely.  Although the court cannot rule on the substance of the matters Lewis has alleged, it must determine the legal sufficiency and timeliness of her affidavit.

Lewis did not file her motion until 18 months after filing this lawsuit, and after the

court had already dismissed part of her lawsuit.  She does not explain why she failed to move for recusal until now.  The court finds that she failed to file her motion at the earliest moment after obtaining knowledge of the facts demonstrating the basis for recusal, and the motion is denied as untimely.

IV

The court holds, second, that, even if Lewis' motion and affidavit are considered timely, the motion must be denied because Lewis' affidavit (i.e., her sworn motion) is legally insufficient.

To warrant recusal under § 144, alleged bias must be personal, as distinguished from judicial, in nature.  Lewis avers "[t]he above mentioned Judge has in the past deliberately violated other litigant's personal liberties and/or has wantonly refused to provide due process and equal protection to all litigants before the court or has behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings."  Mot. 1.  In other words, one part of her complaint relates to *other* litigants and therefore is not personal to her.  And the other part of her complaint (which the court assumes refers to her because she refers to "all litigants") relates to judicial bias, because she complains of a refusal to provide due process and equal protection to litigants before the court and to behavior that is inconsistent with what is needed for full, fair, impartial hearings.

Lewis makes no allegations, much less offers proof, that the undersigned is personally biased and prejudiced against her.  And "[a]dverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate

such a high degree of antagonism as to make fair judgment impossible." *Scroggins*, 485 F.3d at 830.  Lewis has made neither showing.  Her affidavit (i.e., her sworn motion) is therefore legally insufficient to warrant recusal.

*   *   *

Because Lewis' motion and affidavit are both untimely and legally insufficient under § 144, the court is not required to recuse or to refer this matter to another judge.  *See Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990).  The June 4, 2012 motion to recuse and request for hearing are denied.

**SO ORDERED**.

June 14, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE